## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Mohsin B. Hussain                                   Case No.  10-01125-als7

                Debtor                       Chapter 7

Kimberley S. Jasper                                  Adv. Pro. 10-30090-als

                Plaintiff

      v.

Mohsin B. Hussain

                Defendant

**MEMORANDUM OF DECISION**
**(date entered on docket: March 30, 2012)**

COURSE OF PROCEEDING

The matter before the Court is a complaint to determine dischargeability of debt pursuant to 11 U.S.C. section 523(a)(6).  Peter S. Cannon and Mark D. Sherinian appeared on behalf of the Plaintiff Kimberly Jasper ("Jasper" or "Plaintiff").  The Defendant, Mohsin B. Hussain ("Hussain" or "Defendant") was represented by Michael P. Mallaney.  Trial was conducted on November 28, 2011, and the matter was deemed fully submitted upon the filing of the parties' post trial briefs.  The court has jurisdiction of these matters pursuant to 28 U.S.C. sections 157(b)(1) and 1334.  The following findings of fact and conclusions of law are entered by the Court pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.  For the reasons set forth herein, the obligation owing by the Defendant to Jasper is not dischargeable pursuant to 11 U.S.C. section 523(a)(6).

FACTS

The basis of Plaintiff's complaint to determine dischargeability stems from her previous employment at Kid's University, a day care center which was operated by the Defendant and owned jointly with his wife. In August 2003 when Jasper was hired, Kid's University was in violation of various regulations promulgated by the Iowa Department of Human Services ("DHS"). Of importance to this case is the allegation that the day care center was not in compliance with state-mandated student/staff ratios. In her role as director of the facility, the Plaintiff took action to correct this, and other, deficiencies. During her tenure, she and the Defendant disagreed about the importance and ability of Kid's University to comply with appropriate staffing ratios. Jasper took the position that she was required to comply with the regulations to prevent closure of the facility and to avoid jeopardizing her certification. Hussain was concerned about the cost of implementing the staffing requirements and wanted to focus on eliminating, reducing or combining staff positions. On December 1, 2003, the Defendant terminated Plaintiff's employment. A written document signed by the owners of Kid's University was provided to Jasper, outlining a variety of reasons for her dismissal.

An action for wrongful termination was commenced in state court by the Plaintiff against Hussain, personally, and Kid's University. Damages for lost income, emotional distress, reimbursement of expenses and punitive damages were requested. Judgment was awarded in favor of the Plaintiff, and after unsuccessful post-trial motions, the Defendant appealed. On January 23, 2009, the Iowa Supreme Court issued an opinion which recognized a cause of action for wrongful discharge in violation of public policy based upon an employee's refusal to violate administrative regulations and affirmed the lower court judgment.[1]

---

[1] The case was remanded for the sole purpose of reducing the damages originally awarded for emotional distress and is unrelated to the issues raised in this adversary proceeding.

DISCUSSION

When a court has already "decided an issue of fact or law necessary to its judgment, the same issue cannot be relitigated in later proceedings." Winnebago Indus. v. Haverly, 727 N.W.2d 567, 571-72 (Iowa 2006). Under Iowa law, the doctrine of collateral estoppel prevents relitigation if:

> (1) the issue determined in the prior action is identical to the present issue;
> (2) the issue was raised and litigated in the prior action;
> (3) the issue was material and relevant to the disposition in the prior action; and
> (4) the determination made of the issue in the prior action was necessary and essential to that resulting judgment.

Id. at 572. This principle of collateral estoppel applies in bankruptcy dischargeability proceedings. See Hobson Mould Works, Inc. v. Madsen (In re Madsen), 195 F.3d 988, 989 (8th Cir. 1999). Federal courts apply the law of the forum under which the prior judgment was entered when determining whether collateral estoppel arises from a prior state court judgment. Osborne v. Stage (In re Stage), 321 B.R. 486, 492 (B.A.P. 8th Cir. 2005). A bankruptcy court can "properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and that were actually litigated and determined in the prior action." Grogan v. Garner, 498 U.S. 279, 284 (1991) (citing Restatement (Second) of Judgments § 27 (1982)).

The trial conducted in state court resulted in a judgment being entered on the merits of the case. This judgment was appealed to the Iowa Supreme Court which affirmed the basis for the jury verdict. The initial analysis of the whether the obligation owing is excepted from discharge is appropriately focused on whether the elements required under 11 U.S.C. section

523(a)(6) are identical to the issues that have already been decided by the state court proceedings. If this Court concludes that the state court's finding of liability for wrongful termination required a finding that the tort was willful and malicious, collateral estoppel applies, and the Debtor may not argue that the debt is nondischargeable. See Caruso v. Harmon (In re Harmon), 404 B.R. 521, 527-28 (Bankr. W.D. Mo. 2009).

Iowa generally adheres to the doctrine of "at will" employment, but has adopted an exception for wrongful discharge from employment in violation of public policy. Fitzgerald v. Salsbury Chem., Inc., 613 N.W.2d 275, 280-81 (Iowa 2000). In Iowa, a successful claim for such an intentional tort is proven by showing:

> (1) the existence of a clearly defined and well-recognized public policy that protects the employee's activity;
> (2) this public policy would be undermined by the employee's discharge from employment;
> (3) the employee engaged in the protected activity, and this conduct was the reason the employer discharged the employee; and
> (4) the employer had no overriding business justification for the discharge.

Berry v. Liberty Holdings, Inc., 803 N.W. 2d 106, 109-10 (Iowa 2011) (citations omitted). Based upon these elements and the evidence presented at the state court trial[2] it has been determined that Hussain committed the intentional tort of wrongful termination in violation of public policy. Jasper v. H. Nizam, Inc., 764 N.W. 2d 751, 761-69 (Iowa 2009).

Jasper alleges that the state court judgment entered against the Defendant is not dischargeable because:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt – . . . for willful and malicious injury by the debtor to another entity or to the property of another entity.

---

[2] It is clear from the opinion issued by the Iowa Supreme Court that the trial court record was thoroughly reviewed in reaching its ruling. Jasper v. H. Nizam, Inc., 764 N.W. 2d 751, 767-68 (Iowa 2009).

11 U.S.C. § 523(a)(6) (2010). The Plaintiff must prove both the willfulness and maliciousness of the injury by a preponderance of the evidence. Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999). To be non-dischargeable, the injury from which the debt resulted must be "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." Sells v. Porter (In re Porter), 539 F.3d 889, 894 (8th Cir. 2008). Injury that occurs due to merely reckless or negligent conduct does not meet the standard required under 11 U.S.C. section 523(a)(6). Kawaauhau v. Geiger, 523 U.S. 57, 64 (1998). The statutory components of willful and malicious acts are two distinct elements that must be satisfied under the statute. In re Scarborough, 171 F.3d at 641.

First, a debtor's conduct must be willful which denotes a "deliberate or intentional invasion of the legal rights of another." In re Porter, 539 F.3d at 894 (quoting In re Geiger, 113 F.3d 848, 852 (8th Cir. 1997), aff'd, 523 U.S. at 57). Willfulness can also be described as "'headstrong and knowing' conduct." Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999) (quoting Johnson v. Miera (In re Miera), 926 F.2d 741, 743-44 (8th Cir. 1991)). This element has been characterized by the Eighth Circuit as subjective, and requires "proof that the debtor desired to bring about the injury or was, in fact, substantially certain that his conduct would result in the injury that occurred." Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180-81 (8th Cir. 2008). Awareness that conduct will result in harm is all that is necessary; specific intent to bring about a particular consequence is not required to prove willfulness. See id. at 1180.

Hussain argues that because, at the time of his alleged conduct, Iowa did not recognize the tort of wrongful termination for violation of public policy based on an administrative

regulation, he could not have willfully violated Plaintiff's rights.  The Iowa Supreme Court was not persuaded by this argument in stating:

> no reasonable employer with knowledge of the ratio requirements would believe [that the regulation] could be disregarded, or that the refusal by an employee to disregard the ratios could be used as a reason to terminate the employee . . . [and that] the particular administrative rule at issue in this case supports a clear and well-defined public policy that gives rise to the tort of wrongful discharge.

Jasper v. H. Nazim, Inc., 764 N.W.2d at 767.

While this Court is charged with making a finding related to dischargeability, under the circumstances it cannot find that Hussain's conduct was anything but "intentional."  This intentional conduct satisfies the willfulness standard because "one who commits an intentional tort intends not only the act itself but the resulting harm."  Caruso v. Harmon (In re Harmon), 404 B.R. 521, 528 (Bankr. W.D. Mo. 2009).  The Court finds that collateral estoppel precludes relitigation of the "willfulness" element of 11 U.S.C. section 523(a)(6).

Second, the statute requires that the conduct be malicious.  "[M]alice requires more than just reckless behavior by the debtor."  Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999) (citing Johnson v. Miera (In re Miera), 926 F.2d 741, 743 (8th Cir. 1991)).  Malice can be demonstrated by conduct "targeted at the creditor…at least in the sense that the conduct is certain or almost certain to cause…harm."  In re Porter, 539 F.3d at 894 (quoting Siemar v. Nangle (In re Nangle), 274 F.3d 481, 484 (8th Cir. 2001)).

Defendant contends that the state court judgment is subject to discharge because punitive damages were not awarded which renders the issue of malice as either undecided, or having been decided in the negative, in the underlying state court litigation.  Punitive damages are discretionary, and may not be awarded in every circumstance involving an intentional tort.  The

absence of a punitive damage award is not dispositive of whether an injury was willful or malicious. See Higgins v. Olson (In re Olson), 32 F. App'x 194 (8th Cir. 2002); Caruso v. Harmon (In re Harmon), 404 B.R. 521 (Bankr. W.D. Mo. 2009). The state court judge did not permit Jasper's request for punitive damages to be considered by the jury. In addressing whether this decision was correct, the Iowa Supreme Court stated: "[w]e have refused to permit punitive damages in an action for retaliatory discharge when the grounds for the discharge have been recognized for the first time in the instant case to be in violation of public policy." Jasper v. H. Nazim, Inc., 764 N.W.2d at 773-74. The Iowa Supreme Court's decision regarding the propriety of punitive damages in the underlying state court proceeding does not automatically result in a conclusion that the Defendant's conduct was not willful and malicious, rather, it serves to recognize a new theory of intentional tort under Iowa law.

Further, Hussain alleges that the standard for malicious behavior justifying punitive damages in a wrongful termination suit under state law differs from what is required under 11 U.S.C. section 523(a)(6). The standard for punitive damages for a wrongful termination in violation of public policy is "actual or legal malice," with legal malice occurring "when the wrongful conduct is committed with a reckless or willful disregard for the consequences of the conduct." Jasper v. H. Nazim, Inc., 764 N.W.2d at 773. The Defendant's argument appears to focus solely on the term legal malice which can be demonstrated by reckless or *willful* behavior. This argument is only applicable if punitive damages had been awarded in the state court action, *and* Jasper relied upon that fact as her sole proof of Defendant's malicious conduct. That is not the case, and accordingly Hussain's argument in this regard is neither relevant nor persuasive.

The key question is whether the state court determined the issue of maliciousness. The facts included in the Iowa Supreme Court's opinion make it clear that this issue was litigated and

that Hussain's conduct was targeted at the creditor in a way that was certain or almost certain to cause harm.  The Defendant had been "persistent in his desire to reduce staff to decrease expenses" despite the Plaintiff's adamancy that the staff was required to comply with state regulations. Jasper v. H. Nazim, Inc., 764 N.W.2d at 758.  Further, the Plaintiff was fired without warning, escorted from the building and was prevented from returning inside the building to remove her children.  Id. at 759.  The issue of whether the Defendant's acts were certain or almost certain to cause harm was contested in the state court action and the Defendant was found liable for the intentional tort.  Hussain's arguments in this proceeding are repetitive of those he raised in the state court appeal process which were all considered and rejected.  There can be no doubt that the Defendant has had every opportunity to fully litigate his defenses to Plaintiff's claim.  No rationale supports a departure from the reasoned conclusions reached by the Iowa courts.[3]  Collateral estoppel applies to the issue of Hussain's willful and malicious conduct.

   Legal authority also supports a conclusion that an intentional tort inherently satisfies both the willful and malicious components of the discharge exception provided for at 11 USC section 523(a)(6).  See Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998) (debt based upon intentional tort cannot be discharged under 523(a)(6)); In re Porter, 539 F.3d 889 (8th Cir. 2008) (jury verdict supported a finding of willful and malicious injury arising from retaliation claim based upon a threat of job loss if the plaintiff refused to release her claim for sexual harassment); Caruso v. Harmon (In re Harmon), 404 B.R. 521, 528 (Bankr. W.D. Mo. 2009) (a person committing an intentional tort intends the act and the resulting harm); Restatement (Second) of Torts § 870 cmt. b (1979).  Courts have specifically held that the intentional tort of wrongful termination is not

---

[3] The Rooker-Feldman doctrine prevents this Court from engaging in appellate review of the underlying state court determination.  "Impermissible appellate review may occur when a federal court is asked to entertain a claim that is 'inextricably intertwined' with the state court judgment." In re Goetzman, 91 F.3d 1173, 1177 (8th Cir. 1996) (quoting Keene Corp. v. Cass, 908 F.2d 293, 296 (8th Cir. 1990).

discharged under the willful and malicious standard found in the Bankruptcy Code. See Suggitt v. Foushee (In re Foushee), 283 B.R. 278, 286-87 (Bankr. N.D. Iowa 2002) (state court judgment for discharge in violation of whistleblower statute satisfied the elements of 523(a)(6)); Nesler v. Thomason (In re Thomason), 288 B.R. 812, 815 (Bankr. S.D. Ill. 2002) (retaliatory termination was clearly intentional and done with the specific intent of causing injury); Jorge v. Mannie (In re Mannie), 258 B.R. 440, 446-47 (Bankr. N.D. Cal. 2001) (judgment for wrongful termination contrary to public policy necessarily requires a finding that the defendant acted intentionally in terminating the plaintiff and that the termination caused the plaintiff's injury; judgment also made clear that the debtor's conduct was malicious); Ford-Torres v. O'Shea (In re O'Shea), Bankr. No. 07-60265-fra7, Adv. No. 07-6084-fra, 2010 WL 2901624, at *3 (Bankr. D. Or. July 21, 2010) (retaliatory firing of an employee for reporting a violation of state or federal law constitutes willful and malicious conduct and any damages awarded by state court would be excepted from discharge).

     Notwithstanding the application of collateral estoppel, there is sufficient evidence to support an independent finding by this Court that the Defendant's actions were both willful and malicious and the debt should not be discharged. It is clear from Hussain's testimony that he intentionally terminated the Plaintiff and knew that she had no job waiting for her. He acknowledged that as a consequence of his decision to terminate her employment Jasper would have a loss of income. The Court finds the Plaintiff's testimony credible that she was fired without notice and only for refusing to violate the state's administrative requirements. The termination letter submitted by Hussain to defend his decision to discharge Jasper from her employment is self-serving in nature, which calls into question its credibility and does not overcome the evidence presented by the Plaintiff. The Defendant's actions were both willful and

malicious because it was substantially certain that his conduct would result in harm and he acted in a way that was more than reckless.

## CONCLUSION

A debt is properly excepted from discharge pursuant to 11 U.S.C. section 523(a)(6) when a deliberate or intentional invasion of the legal rights of another is involved in the debtor's conduct and it is certain, or almost certain, that the conduct will result in harm to the creditor. Under either collateral estopped or this Court's independent finding, the Defendant acted willfully and maliciously. Based upon the record, the debt is nondischargeable under the standard in 11 U.S.C. section 523(a)(6).

IT IS THEREFORE ORDERED that:

1. The amount of $85,562.61[4] is not dischargeable in the Defendant's bankruptcy proceeding pursuant to 11 U.S.C. section 523(a)(6) and judgment shall enter accordingly;

2. The parties shall bear their own costs.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Adversary Proceeding

---

[4] Based upon proof of claim number 3 filed in case number 10-01125.